UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL LAWRENCE WOOD,

    Plaintiff,

v.

Case No. 17-cv-11930
Honorable Linda V. Parker

TIM DONNELLON,

    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.    Introduction**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Federal prisoner Samuel Lawrence Wood ("Plaintiff"), confined at the Manchester Federal Correctional Institution in Manchester, Kentucky complains that he is being denied proper medical care by federal prison officials and seeks to obtain medical records from when he was confined at the St. Clair County Jail in Port Huron, Michigan. He names Tim Donnellon, the St. Clair County Sheriff, as the defendant in this action. Plaintiff has been granted leave to proceed without prepayment of the fees for this action. *See* 28 U.S.C. § 1915(a)(1).

## II. Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations,

it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Moniz v. Cox*, 512 F. App'x 495, 497-98 (6th Cir. 2013). A plaintiff must also allege that the deprivation of his rights was intentional, not merely negligent. *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that the civil rights complaint is subject to summary dismissal.

The Court notes that Plaintiff appears to be seeking medical records from St. Clair County Jail, where he was confined from 2007 until 2010. However, Plaintiff fails to identify a particular legal basis or constitutional provision for

bringing this civil rights action against the named defendant. As an initial matter, the Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") applies only to federal agencies and not state agencies, which would include the St. Clair County Jail. *See Rimmer v. Holder*, 700 F.3d 246, 258 (6th Cir. 2012) ("FOIA is concerned only with shedding light on misconduct of the *federal* government, not *state* governments"). To the extent that Plaintiff may be alleging a violation of the Michigan Freedom of Information Act, or any other provision of state law, he fails to state a claim upon which relief may be granted. It is well-settled that such state law violations are not a proper basis for relief under § 1983. *Pyles v. Raisor*, 60 F. 3d 1211, 1215 (6th Cir. 1995). The "[m]ere violation of a state statute does not infringe the federal Constitution." *Embody v. Ward*, 695 F. 3d 577, 581 (6th Cir. 2012) (alteration in original) (citing *Snowden v. Hughes*, 321 U.S. 1, 11 (1944)).

Next, Plaintiff fails to show the personal involvement of the defendant in the events giving rise to the complaint. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based solely upon a theory of respondeat superior or vicarious liability); *accord Everson v. Leis*, 556 F. 3d 484, 495 (6th Cir. 2009); *Taylor v. Michigan Dep't of Corr.*, 69 F. 3d 76, 81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly

4

acquiesced in alleged misconduct to establish liability). Plaintiff alleges no facts showing that the defendant is or was, directly or indirectly, involved in preparing, maintaining, or controlling the distribution of his medical records at St. Clair County Jail. For example, Plaintiff does not allege that the defendant ordered officials at St. Clair County Jail to withhold his medical records, or enacted a policy that would prevent Plaintiff from receiving his medical records. Plaintiff, thus, fails to state a claim against the named defendant.

Lastly, liberally construing Plaintiff's claim concerning his inability to obtain his medical records, it appears he may be alleging a denial of access to the courts. Prisoners, including indigent prisoners, have a constitutional right of access to the courts, which the states have a duty to protect. *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Thaddeus-X v. Blatter*, 175 F. 3d 378, 391 (6th Cir. 1999). To state a §1983 claim for the denial of access to the courts, first, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351; *Harbin-Bey v. Rutter*, 420 F. 3d 571, 578 (6th Cir. 2005). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed

5

deadline." *Harbin-Bey*, 420 F. 3d at 578. Next, a plaintiff must allege that the deprivation of his rights was the result of intentional conduct to state such a claim. *Sims v. Landrum*, 170 F. App'x 954, 956 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003). An allegation of negligence is insufficient to state a claim under § 1983. *Daniels*, 474 U.S. at 333; *Davidson*, 474 U.S. at 348.

In this case, Plaintiff fails to allege facts showing that the defendant's alleged failure to provide medical records is intentional in the constitutional sense. Additionally, Plaintiff fails to allege facts to show that the defendant's conduct has interfered with his ability to seek review in state or federal court. No actual injury occurs without a showing that a non-frivolous claim has been lost or rejected, or the inmate is prevented from pursuing such a claim. *Lewis*, 518 U.S. at 356; *Pilgrim v. Littlefield*, 92 F. 3d 413, 416 (6th Cir. 1996). Plaintiff fails to allege or establish that a non-frivolous claim has been lost or rejected, or that the presentation of such a claim is being impeded. Although Plaintiff may believe that the lack of past medical records is preventing him from pursuing some type of court action, he fails to allege or establish that he cannot file a civil rights complaint regarding his medical care without the records and then, perhaps, obtain the records as part of discovery in that court action. Plaintiff fails to allege sufficient facts of "actual injury" in support of his claims, and, thus, fails to state a claim upon which relief may be granted in his complaint.

Although this dismissal is with prejudice, Plaintiff is not prevented from filing a civil rights complaint regarding his medical care at his penal institution. He is only prevented from filing a § 1983 complaint under FOIA or Michigan's FOIA seeking to access his medical records that are in the custody of the country jail because § 1983 does not provide any basis for such a claim.

## III. Conclusion

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint. The Court also concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 26, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 26, 2017, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager